UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ AL-SHARA,

    Plaintiff,

v.

THE ASSOCIATED PRESS,

    Defendant.

Case No. 25-12547
Honorable Laurie J. Michelson

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [5], DISMISSING COMPLAINT [1], AND DENYING AS MOOT MOTION TO EXPEDITE PROCEEDINGS [6]**

In June of 2025, Mutaz Al-Shara sued "the United States Government and [four individuals] alleged to be attorneys representing the government" for "violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, the Privacy Act, and the Federal Tort Claims Act." *Al-Shara v. U.S. Gov't*, No. 25-11923, 2025 WL 1888786, at *1–2 (E.D. Mich. July 8, 2025). Judge F. Kay Behm dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim for relief and facial implausibility, *id.* at *2, and later denied Al-Shara's motions for reconsideration and for leave to amend to add Verizon Wireless and Apple as defendants, *see Al-Shara v. U.S. Gov't*, No. 25-11923, 2025 WL 2156826, at *1 (E.D. Mich. July 29, 2025) ("Like the allegations in his complaint, the allegations in Plaintiff's motion to amend are in the realm of 'fantastic or delusional,' are indisputably meritless, or are incomprehensible.").

Al-Shara now alleges that the Associated Press "refus[ed] to cover" that lawsuit and "refus[ed] . . . to admit [him] to membership." (ECF No. 1, PageID.5; *see id.* at PageID.6.) He says this conduct violated the Sherman Act and Clayton Act (*id.* at PageID.4) and seeks $234 million in damages from the news agency (*id.* at PageID.5–6).

Because Al-Shara makes the required showing of indigence (*see* ECF No. 5 (attesting that he has no source of income and no savings)), the Court grants his application to proceed without prepaying fees and costs, *see* 28 U.S.C. § 1915(a)(1). But because none of the conduct alleged by Al-Shara states a claim for relief under the Sherman Act or Clayton Act, his complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

## I.

"The Sherman and Clayton Antitrust Acts . . . concern and prohibit certain business activities of an anticompetitive nature." *Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C.*, No. 13-2328, 2013 WL 3992523, at *9 (W.D. Tenn. Aug. 5, 2013). Yet Al-Shara fails to allege any anticompetitive conduct by the Associated Press. *See id.* (dismissing Sherman and Clayton Act claims under 28 U.S.C. § 1915(e)(2)(B) where "none of [Plaintiff's] allegations in support of her antitrust claims against the defendants concern anticompetitive conduct").

He does not allege, for example, that the Associated Press conspired to unreasonably restrain interstate trade or commerce as is prohibited by Section 1 of the Sherman Act, *see* 15 U.S.C. § 1—he fails to allege that the AP had an agreement

with any other entity or person, let alone that it had an agreement that imposed an unreasonable restraint on trade. Nor does he allege that the AP unlawfully monopolized, *see id.* § 2—neither that it has monopoly power in the relevant market nor that it willfully acquired or maintained that power, *see Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 974 (W.D. Tenn. 2004) ("The offense of monopoly under § 2 of the Sherman Act has two elements: '(1) possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.'" (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966))); *United Wholesale Mortg., LLC v. Am.'s Moneyline, Inc.*, No. 22-10228, 2025 WL 502743, at *4 (E.D. Mich. Feb. 14, 2025) ("'Failure to identify a relevant market is a proper ground for dismissing a Sherman Act claim.' An entity can only pose a danger of monopolization if it has sufficient power in the relevant market." (citation modified) (quoting *Worldwide Basketball & Sport Tours, Inc. v. NCAA*, 388 F.3d 955, 962 (6th Cir. 2004))). In short, because Al-Shara neither identifies the section of the Sherman Act that was allegedly violated by the Associated Press nor alleges any facts that plausibly constitute an antitrust violation under the Act, he fails to state a Sherman Act claim. *See, e.g., Wood v. Malony*, No. 07-90, 2009 WL 3806794, at *5–6 (W.D. Ky. Nov. 12, 2009) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B), concluding that Sherman Act claim was "patently frivolous," and reasoning that plaintiff "fail[ed] to specify which section he alleges has been violated[,] . . . fail[ed] to set forth any facts demonstrating the existence of a

3

conspiracy in restraint of trade affecting interstate commerce violative of § 1, and . . . fail[ed] to allege that any Defendant possessed monopoly power, an essential element of a § 2 claim").[1]

For the same reasons, Al-Shara fails to state a claim for relief under the Clayton Act. He cites no Clayton Act provision that was allegedly violated and makes no allegation that the Associated Press engaged in, for example, unlawful price discrimination (Section 2 of the Clayton Act), 15 U.S.C. § 13, exclusive dealing and tying arrangements (Section 3), *id.*, or anticompetitive mergers and acquisitions (Section 7), *id.* § 18. His Clayton Act claim is therefore dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Wiley v. Econ. Cmty. Dev. Inst.*, No. 23-138, 2023 WL 317438, at *2 (S.D. Ohio Jan. 19, 2023) (recommending dismissal under 28 U.S.C. § 1915(e)(2)

---

[1] The Supreme Court's 1945 decision in *Associated Press v. United States*, 326 U.S. 1 (1945), which Al-Shara cites in passing (ECF No. 1, PageID.5), does not change the Court's analysis or save Al-Shara's Sherman Act claim.
  There, the Supreme Court affirmed the constitutionality of a district court order that had found the Associated Press had violated the Sherman Act and in turn had required the wire service to allow competing newspapers access to its news (and thus to the news obtained by employees of the AP's 1,200 member newspapers). *See Associated Press*, 326 U.S. at 3–4, 19–22. The Supreme Court nowhere addressed the news the AP opts to cover or not cover (or how the news agency may make those decisions), nor did the court suggest that the issue was the domain of antitrust law. And while the Supreme Court addressed the AP's "restrictive conditions upon admission to membership," *id.* at 6, it was not concerned with "admission to membership" in the way Al-Shara means it (*compare* ECF No. 1, PageID.5–6 (alleging that the Associated Press did not respond to Al-Shara's "request [for] information about becoming a member so [he] could share [his] own news content," *id.* at PageID.5, and asking the Court to "[o]rder the Associated Press to process [his] membership request," *id.* at PageID.6)), *with Associated Press*, 326 U.S. at *8–10 (describing members as news organizations, i.e., newspapers, that paid to access AP news and analyzing admission prerequisites and requirements including that members must "publish the AP news regularly in whole or in part" and could not "sell[] or furnish[] their spontaneous news to any agency or publisher except to AP").

and concluding that "Plaintiff's Complaint contains no plausible or non-conclusory allegations that might establish that [Defendant] engaged in anticompetitive conduct under the Clayton Act"), *report and recommendation adopted*, 2023 WL 2789158, at *1 (S.D. Ohio Apr. 5, 2023) (adopting recommendation and agreeing that plaintiff's complaint "'contains no plausible or non-conclusory allegations' establishing the alleged claims—for example, 'that ECDI engaged in anticompetitive conduct'").

## II.

In sum, "other than citing to these statutes [i.e., the Sherman and Clayton Act], [Al-Shara] fails to identify any anti-competitive conduct on the part of any defendants on which to base a cause of action under these federal antitrust statutes." *Hayes v. Cowans*, No. 14-2366, 2014 WL 2972298, at *9 (W.D. Tenn. July 2, 2014) (dismissing Sherman and Clayton Act claims under 28 U.S.C. § 1915(e)(2)(B)). He thus fails to state a claim under the Sherman Act or Clayton Act, and his complaint is in turn dismissed. *See Rajapakse*, 2013 WL 3992523, at *9 (W.D. Tenn. Aug. 5, 2013) ("None of [Plaintiff's] allegations in support of her antitrust claims against the defendants concern anticompetitive conduct. Based on that fact, and the fact that she does not specify any specific statutory provisions of the Sherman Act or Clayton Act under which she brings suit, this court concludes that she fails to state a claim under those Acts.").

Accordingly, the Court GRANTS Al-Shara's application to proceed without prepaying fees and costs (ECF No. 5), DISMISSES his complaint (ECF No. 1) for

failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B), and DENIES AS MOOT his motion to expedite proceedings (ECF No. 6.) A separate judgment will follow.

    SO ORDERED.

    Dated: December 10, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE