UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ AL-SHARA,

      Plaintiff,

v.

THE ASSOCIATED PRESS,

      Defendant.

Case No. 25-12547
Honorable Laurie J. Michelson

---

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE TIME TO
FILE A NOTICE OF APPEAL [9]**

---

In June of 2025, Mutaz Al-Shara sued "the United States Government and [four individuals] alleged to be attorneys representing the government" for "violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, the Privacy Act, and the Federal Tort Claims Act." *Al-Shara v. U.S. Gov't*, No. 25-11923, 2025 WL 1888786, at *1–2 (E.D. Mich. July 8, 2025). District Judge F. Kay Behm dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim. Believing that dismissal was newsworthy, Al-Shara wanted the Associated Press to cover his case. But it did not. So he filed this lawsuit against the Associated Press, alleging that they "refus[ed] to cover" that lawsuit and "refus[ed] . . . to admit [him] to membership." (ECF No. 1, PageID.5; *see id.* at PageID.6.) He says this conduct violated the Sherman Act and Clayton Act (*id.* at PageID.4) and seeks $234 million in damages from the news agency (*id.* at PageID.5–6).

On December 10, 2026, this Court granted Al-Shara's application to proceed without prepaying fees and costs, 28 U.S.C. § 1915(a)(1), and summarily dismissed his complaint for failing to state a claim, 28 U.S.C. § 1915(e)(B). (ECF No. 7.) But Al-Shara asserts he did not "receive the mailed judgment order," (ECF No. 9, PageID.30), by which point his time to file a notice of appeal had passed, *see* Fed. R. App. P. 4(a)(1). Thus, he now asks the Court to extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). (ECF No. 9.) The Court will DENY that motion.

## I.

According to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). If a notice of appeal is not timely filed, the appellate court does not have jurisdiction to hear the case. *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024).

But under Rule 4(a)(5), the district court may extend the time to file a notice of appeal when:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

## II.

The Court finds the timing requirement of Rule 4(a)(5)(i) met because Al-Shara filed his motion within 30 days of Rule 4(a)'s prescribed time—i.e., 30 days after January 9, 2026.

But the Court does not find "excusable neglect" or "good cause." "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). The only reason Al-Shara provides for his delayed filing is that he "did not receive the mailed judgment order" so he did not "realize[] the case was dismissed." (ECF No. 9, PageID.30.) To start, the docket reflects that the Court's Order and Judgment were mailed to Al-Shara on the same day that they were issued—a mailing that was delivered where Al-Shara resides[1] and that was not returned undeliverable. *Al-Shara v. The Associated Press*, No. 25-12547 (E.D. Mich. Dec. 10, 2025) (Text Order Dated Dec. 10, 2025). And Al-Shara must have learned of the Court's Order and Judgment somehow since he was able to file the instant motion. (ECF No. 9.) Indeed, his motion includes the same address to which the Court sent the Order at issue. (*Id.*) Finally, to the extent Al-Shara maintains his *pro se* status created "excusable neglect," "mistakes by those who proceed without counsel are not necessarily excusable" and "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Nicholson*, 467 F.3d at 527 (citations omitted).

---

[1] To be sure, the Court informed Al-Shara that he must "promptly file a notice with the Clerk . . . whenever your address, email address, phone number and/or other contact information changes." (ECF No. 4, PagID.12.)

"Good cause," in turn, "will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Id.* at 526 (citation omitted). Al-Shara points to nothing of the sort.

"Whether to grant an extension under Rule 4(a)(5) is within the discretion of the trial court." *Zack v. United States,* 133 F.3d 451, 453 (6th Cir. 1998) (citing *Baker v. Raulie,* 879 F.2d 1396, 1399 (6th Cir. 1989)). The Court will thus exercise its discretion and deny Al-Shara's motion. *See Nicholson*, 467 F.3d at 526 ("[T]he district court did not abuse its discretion in concluding that Nicholson had demonstrated neither good cause nor excusable neglect in order to be entitled to an extension of time to appeal.").

### III.

For the reasons above, Al-Shara's motion to extend the time for filing a notice of appeal (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated: February 13, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

4